990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susana VASQUEZ-GOYENECHE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70620.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided April 12, 1993.
 
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Susana Vasquez-Goyeneche petitions this court for review of the Board of Immigration Appeals' ("BIA") decision upholding the immigration judge's denial of asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). We deny the petition.
 
 
 3
 Vasquez is a 29 year-old native and citizen of Peru who worked as a teacher in a government secondary school in Lima prior to her departure. She entered the United States without inspection on January 17, 1990, and the day after was ordered to show cause why she should not be deported. Vasquez conceded deportability and applied for asylum and withholding of deportation. Following an evidentiary hearing, the immigration judge denied her request for asylum and withholding of deportation, and she then appealed to the BIA. In dismissing her appeal, the BIA noted that the "record does not show any attempt by any group in Peru to single out the respondent, nor does it show that anyone in that country has the slightest interest in the respondent." The BIA stated further that her "fear of the general conditions of violence in Peru will not afford the respondent the benefits of the [Immigration and Nationality] Act she is seeking."
 
 
 4
 We will reverse the BIA's denial of asylum and withholding of deportation "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), citing INS v. Elias-Zacarias, 112 S.Ct. 812, 815, 817 (1992).
 
 
 5
 Vasquez asserts that she fears persecution by terrorists because of her refusal to accede to their demands that she spread anti-government propaganda amongst her students. She argues that her choice not to assist the terrorist groups because she disapproves of their violent methods constitutes a political opinion, and that if she returns to Peru she will be persecuted because of that opinion. Essentially, she fears possible forced cooperation or recruitment by anti-government terrorist groups, and possible physical harm if she fails to comply. She argues in her petition to this court that "[t]o find political persecution, all we need inquire of the guerrillas' motives is whether that motive [sic] is political."
 
 
 6
 Vasquez' evidence does not compel the conclusion that she had a well-founded fear of persecution because of her political opinion. In order to merit relief, Vasquez would have to show that she herself possessed a political opinion, and that she faced persecution because of that opinion rather than because of her refusal to cooperate. Elias-Zacarias, 112 S.Ct. at 816 ("The ordinary meaning of the phrase 'persecution on account of ... political opinion' ... is persecution on account of the victim's political opinion, not the persecutor's.") (emphasis in original). The Supreme Court has held that evidence that an anti-government group's demands for cooperation were based on political motives is insufficient to demonstrate fear of persecution based on political opinion. Id. ("[T]he mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish ... [fear of] persecution on account of political opinion.") (emphasis in original).
 
 
 7
 Because Vasquez has rested her claim for relief on her fear that she will be harmed because she chooses not to cooperate with anti-government guerrillas, rather than on a fear of harm because of a political opinion she holds, Elias-Zacarias dictates that we conclude that a reasonable factfinder could fail to find a well-founded fear of persecution.[1] AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Vasquez does not meet the "well-founded fear of persecution" standard required for a grant of asylum, it follows that she can not meet the more stringent "clear probability of persecution" standard for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)